OPINION
Appellant Joseph S. Vickers appeals the judgment of the Marion County Court of Common Pleas, Juvenile Division, adjudicating him delinquent on three counts of Rape, defined by R.C. 2907.02 as a first degree felony if committed by an adult.
On February 27, 2001, a complaint was filed alleging that the appellant had engaged in acts which if committed by an adult would constitute rape. The eleven year old victim, Chris Huddle, informed the police that on February 2, 2001, the appellant, then thirteen years of age, held a light bulb over Chris's head and threatened to hit him with it if Chris did not perform oral sex on the appellant. The appellant then performed oral sex on Chris and penetrated Chris's buttocks with his penis.
A hearing was held on June 22, 2001, and the appellant was adjudicated delinquent. At the disposition hearing on October 17, 2001, the court committed the appellant to the Ohio Department of Youth Services for a minimum term of one year and a maximum term not to exceed his 21st birthday.
The appellant now appeals asserting the following two assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of Joey Vickers because the evidence was insufficient to support his adjudication as a delinquent child.
 ASSIGNMENT OF ERROR NO. II The trial court erred to the prejudice of Joey Vickers because his adjudication as a delinquent child was against the manifest weight of the evidence.
We note that the appellant requires us to make two distinct inquiries since issues regarding sufficiency of the evidence and manifest weight of the evidence are resolved through the use of two different standards.[1]
The appellant first argues that the state had insufficient evidence to meet its burden to prove rape. The appellant then argues that his adjudication as delinquent on the three counts of rape is against the manifest weight of the evidence.
Although this case involves a child, the standard of review for sufficiency of the evidence is the same standard used in an adult criminal case.[2]
 "Sufficiency" is a term of art meaning the legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.[3]
When reviewing the sufficiency of the evidence, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[4]
The appellant was adjudicated delinquent upon three counts of rape, in violation of R.C. 2907.02. At the hearing, the victim, who was two years younger than the appellant, testified that he had repeatedly told the appellant that he did not want to engage in sexual activity. The victim only relented and agreed to perform sexual acts with the appellant when threatened with being hit in the head with a light bulb. Although the appellant offered a different story in court, the appellant confessed his illicit actions to Police Officer Stout when questioned on February 4, 2001. The appellant also admitted that he told his parents.
We have thoroughly reviewed the evidence presented by the state in this case and, upon consideration thereof, we find that sufficient evidence was presented from which, when viewed in a light most favorable to the prosecution, the magistrate could have found the essential elements of rape were proven beyond a reasonable doubt. Accordingly, the appellant's first assignment of error is overruled.
In order for a court of appeals to reverse a trial court's judgment on the basis that the adjudication is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony.[5]
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of the proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."[6]
To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all inferences, consider the credibility of the witnesses, and determine that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[7]
After reviewing the evidence, we cannot state as a matter of law that the trier of fact clearly lost its way and created a manifest miscarriage of justice or that a rational trier of fact could not have found the appellant committed the acts beyond a reasonable doubt as the testimony of the victim and Officer Stout supports the appellant's conviction. Accordingly, we cannot find the trial court's judgment adjudicating him delinquent is against the manifest weight of the evidence. The appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380.
[2] In re Washington (1998), 81 Ohio St.3d 337, 339.
[3] Thompkins, 78 Ohio St.3d at 386-87 (citations omitted).
[4] See State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
[5] Thompkins, 78 Ohio St.3d at 389.
[6] Id. at 387 (citations omitted).
[7] State v. Martin (1983), 20 Ohio App.3d 172, 175.